```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 09-61710-CIV-ZLOCH
                          MAGISTRATE JUDGE P.A. WHITE
```

DAVID DAMIEN JONES,          :

    Plaintiff,           :

v.                           :        <u>REPORT OF</u>
                                      <u>MAGISTRATE JUDGE</u>
JOHN DOES,                   :

    Defendants.          :
_____

    David Damien Jones, while confined at the Broward Main County Jail, filed a <u>pro se</u> civil rights complaint (DE#1) and an amended complaint (DE#11). The plaintiff seeks monetary and injunctive relief. He is proceeding <u>in forma pauperis</u>.

    The plaintiff alleged that unknown courtroom deputies in the Broward County Circuit Court used unlawful force against him when they punched him in the face, and tasered him while he was on the ground. He was then handcuffed and tasered again. The events occurred following the finding of a Circuit Court Judge that the inmate was mentally incapable of standing trial. The plaintiff's complaint is supported by a newspaper article which appeared in the August 29, 2008 edition of the Sun-Sentinel. According to the article, the County Public Defender's Office was to look into the incident.

    The Court must hold the allegations of a <u>pro se</u> civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), and such a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle the plaintiff to relief.  Haines v. Kerner, supra; Conley v. Gibson, 355 U.S. 41 (1957).

However, the plaintiff failed to name any defendants for the Court to effect service. He described the defendants as unknown deputies at the Broward County Sheriff's Department. The plaintiff was ordered to obtain any of the names of the deputies involved in the attack, and then file an amended complaint on or before December 30, 2009. The time was extended to on or before January 29, 2010, and again, to on or before February 25, 2010. The plaintiff was cautioned that failure to file the amended complaint on time would probably result in dismissal of this case. The plaintiff was further notified that no further extensions of time would be granted. The plaintiff has failed to file the amended complaint.

It is recommended that this complaint be dismissed without prejudice for lack of prosecution.

Objections to this Report may be filed within fourteen days following receipt. The plaintiff may provide the Court with the names of the defendants with his objections, but must also provide an explanation of why he did not timely comply with the Court's Orders.

Dated at Miami, Florida, this _1st day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   David Damien Jones, Pro Se
      6310 Farragut Street
      Hollywood, FL 33024
      Address of record